UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RUBY ROSS DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No. 1:08-cv-776-WTL-JMS |
| ) | |
| LARUE D. CARTER MEMORIAL ) | |
| HOSPITAL, et al., ) | |
| ) | |
| Defendants. ) | |

**ENTRY ON MOTIONS FOR SUMMARY JUDGMENT**

Before the Court are three motions for summary judgment: the Defendants' Motion for Partial Summary Judgment[1] on the Plaintiff's Title VII Claim (Docket No. 38); the Plaintiff's Motion for Partial Summary Judgment on her § 1983 Claim (Docket No. 41); and the Defendants' Cross-Motion for Partial Summary Judgment on the Plaintiff's § 1983 Claim (Docket No. 53). All of the motions are fully briefed, and the Court being duly advised, **GRANTS IN PART AND DENIES IN PART** the motions for the reasons, and to the extent set forth below. Having resolved the motions for summary judgment, the Defendants' Motion for Leave to File a Cross-Motion for Summary Judgment (Docket No. 65) is **MOOT**.

**I. SUMMARY JUDGMENT STANDARD**

Federal Rule of Civil Procedure 56(c) provides that summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter

---

[1] The Defendants' motion purports to seek summary judgment on all of the Plaintiff's claims. However, the Defendants only briefed the Title VII issue. Accordingly, the Court construes Docket No. 38 as a motion for *partial* summary judgment.

of law."

In ruling on a motion for summary judgment, the admissible evidence presented by the non-moving party must be believed and all reasonable inferences must be drawn in the non-movant's favor. *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009). However, "[a] party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." *Hemsworth v. Quotesmith.com, Inc.*, 476 F.3d 487, 490 (7th Cir. 2007); *see also* Fed. R. Civ. P. 56(e)(2). A genuine issue of material fact exists whenever "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Methodist Med. Ctr. of Ill. v. Am. Med. Sec., Inc.*, 38 F.3d 316, 319 (7th Cir. 1994) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). The non-moving party bears the burden of demonstrating that such a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Wolf v. Northwestern Ind. Symphony Soc'y*, 250 F.3d 1136, 1141 (7th Cir. 2001), *cert. denied*, 534 U.S. 1028 (2001). "[T]he court is not required to scour the record in search of evidence to defeat a motion for summary judgment." *Ritchie v. Glidden Co.*, 242 F.3d 713, 723 (7th Cir. 2001).

In evaluating a motion for summary judgment, although the court draws all reasonable inferences from undisputed facts in favor of the nonmoving party and views the disputed evidence in the light most favorable to the nonmoving party, the mere existence of a factual dispute, by itself, is not sufficient to bar summary judgment. Only factual disputes that might affect the outcome of the suit in light of the substantive law will preclude summary judgment. *See Anderson*, 477 U.S. at 248; *Pugh v. City of Attica, Ind.*, 259 F.3d 619, 625 (7th Cir. 2001).

Irrelevant or unnecessary facts do not deter summary judgment, even when in dispute; "instead, the nonmoving party must present definitely, competent evidence in rebuttal." *Butts v. Aurora Health Care, Inc.*, 387 F.3d 921, 924 (7th Cir. 2004). "If the nonmoving party fails to make a sufficient showing on an essential element of her case, the moving party is entitled to judgment as a matter of law because 'a complete failure of proof concerning an essential element of the [nonmovant's] case necessarily renders all other facts immaterial.'" *Lewis v. Holsum of Fort Wayne, Inc.*, 278 F.3d 706, 709 (7th Cir. 2002) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

## II. BACKGROUND

Plaintiff, Ruby Ross Davis, was hired by LaRue D. Carter Memorial Hospital (the "Hospital") in 1994. During her time at the Hospital, Davis held several different positions, including Service Line Manager.[2] As Service Line Manager, Davis reported to the Hospital's superintendent, Dr. Alan Schmetzer. At some point, Dr. Schmetzer changed Davis' position from Service Line Manager to Director of the Stamper Center.[3]

Sometime in 2004, Davis emailed the Hospital's Human Resource Director and the Hospital's Clinical Services Director about what she perceived as intimidation and harassment of two female employees.[4]

---

[2] The parties' submissions make it impossible to determine precisely what position Davis held at any given time. However, the parties appear to agree that at some point during her tenure at the Hospital Davis held a merit position.

[3] Apparently Director of the Stamper Center is a non-merit position. The parties dispute whether Davis knew this at the time she accepted the job. The parties also disagree about why Davis was moved from one position to another. However, they appear to agree that Dr. Schmetzer remained Davis' supervisor.

[4] It appears that Davis also emailed Dr. Schmetzer about this matter.

In June 2005, Lisa Kellum was hired by the Hospital as its Chief Operating Officer. Several months later, in October 2005, Dr. Schmetzer stepped down as superintendent and Kellum became the Hospital's acting superintendent.[5] In June 2006, Kellum was named superintendent of the Hospital. She remained in that position until December 2006.

In December 2006, Kellum terminated Davis. Davis claims that it was at this point she learned that she was a non-merit employee.[6] Following her termination, Davis initiated this litigation, naming the Hospital and Kellum in both her official and individual capacities as defendants. Davis' Complaint claims that the Hospital retaliated against her, in violation of Title VII of the Civil Rights Act of 1964, for reporting gender discrimination. The Complaint also asserts that Kellum violated Davis' Fifth and Fourteenth Amendment rights when she changed Davis' from a merit, to a non-merit, employee, without notice and an opportunity for a hearing.

### III.  DISCUSSION

Before turning to the substance of the parties' motions, it is necessary to resolve the parties' dispute over the Defendants' cross-motion for summary judgment on Davis' § 1983 claim. Although Davis requests that the Court strike the Defendants' cross-motion, the Court declines to do so. Accordingly, in ruling on the motions, the Court has considered all of the parties' briefs and submissions.

Turning to the Title VII issue, in order to prevail, Davis ultimately will have to convince a jury by a preponderance of the evidence that her email reporting alleged gender discrimination

---

[5] As acting superintendent, Kellum replaced Schmetzer as Davis' supervisor.

[6] Of course, the Defendants claim that Davis already knew that she was a non-merit employee.

was a motivating factor in the Hospital's decision to terminate her. At this stage of the case, Davis can avert summary judgment "'either by putting in enough evidence, whether direct or circumstantial, of discriminatory motivation to create a triable issue,'" the so-called direct method, "'or by establishing a prima facie case under the *McDonnell Douglas* formula.'" *Paz v. Wauconda Healthcare & Rehab. Ctr., LLC*, 464 F.3d 659, 665 (7th Cir. 2006) (quoting *Rudin v. Lincoln Land Cmty. College*, 420 F.3d 712, 719 (7th Cir. 2005)); *see also Hudson v. Chicago Transit Auth.*, 375 F.3d 552, 559 (7th Cir. 2004). The Seventh Circuit has recognized "three distinguishable kinds of 'circumstantial' evidence of intentional discrimination." *Rudin*, 420 F.3d at 720.

> The first consists of suspicious timing, ambiguous statements oral or written, behavior toward or comments directed at other employees in the protected group, and other bits and pieces from which an inference of discriminatory intent might be drawn . . . . Second is evidence, whether or not rigorously statistical, that employees similarly situated to the plaintiff other than in the characteristic (pregnancy, sex, race, or whatever) on which an employer is forbidden to base a difference in treatment received systematically better treatment. And third is evidence that the plaintiff was qualified for the job in question but passed over in favor of (or replaced by) a person not having the forbidden characteristic and that the employer's stated reason for the difference in treatment is unworthy of belief.

*Troupe v. May Dep't Stores Co.*, 20 F.3d 734, 736 (7th Cir. 1994) (citations omitted). A plaintiff can survive summary judgment by "constructing a 'convincing mosaic' of circumstantial evidence that 'allows a jury to infer intentional discrimination by the decisionmaker.'" *Rhodes v. Ill. Dept. of Transp.*, 359 F.3d 498, 504 (7th Cir. 2004) (quoting *Troupe*, 20 F.3d at 737). Applying this standard, and viewing the evidence of record in the light most favorable to Davis, the Court determines that the evidence described above, if believed, would permit a jury to reasonably infer that Davis' protected conduct was a motivating factor in the Hospital's decision

to terminate her.[7]  Therefore, the Defendants' Motion for Summary Judgment is **DENIED** as to Davis' Title VII claim.

Moving on to Davis' § 1983 claim, although the parties argue that the material facts are not in dispute, and summary judgment is appropriate, the Court disagrees.  The parties dispute when Davis was placed into a non-merit position, whether Davis' employment status was involuntarily changed, and when Davis received notice of the change.  All of these facts are critical to the outcome of Davis' suit, and thus, are material.  Accordingly, summary judgment is inappropriate, and is **DENIED**, with one minor exception.  The Hospital argues, and Davis concedes, that the Hospital is not a "person" subject to suit under § 1983.  Accordingly, summary judgment is **GRANTED** to the Hospital on Davis' § 1983 claim.

## CONCLUSION

For the foregoing reasons, the Defendants' Motion for Partial Summary Judgment (Docket No. 38) is **DENIED**.  The Plaintiff's Motion for Partial Summary Judgment (Docket No. 41) is also **DENIED**.  The Defendants' Cross-Motion for Partial Summary Judgment (Docket No. 53) is **GRANTED** with respect to the Hospital but **DENIED** as to Kellum.  The Defendants' Motion for Leave to File a Cross-Motion for Summary Judgment (Docket No. 65) is **MOOT**.

SO ORDERED:  01/20/2010

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

---

[7] The parties' briefs contain argument regarding both the direct method and the *McDonnell Douglas* burden-shifting analysis.  Because the Court finds that Davis has sustained her burden under the former, it is not necessary to address the arguments relating to the latter.

Copies to:

Kyle Frederick Biesecker
Biesecker & Dutkanych LLC
kfb@bdlegal.com

Laura Lee Bowker
Office of the Indiana Attorney General
laura.bowker@atg.in.gov

Andrew Dutkanych III
Biesecker & Dutkanych LLC
ad@bdlegal.com

Lynne Denise Hammer
Office of the Indiana Attorney General
Lynne.Hammer@atg.in.gov